# IN THE U.S. DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| GREENPOINT CREDIT, L.L.C. <br><br> Plaintiff, <br><br> v. <br><br> MISSOURI DEPARTMENT OF REVENUE, <br><br> and <br><br> TRISH VINCENT, et al., <br><br> Defendants. | Cause No.  4:06-CV-01845 |

## PLAINTIFF GREENPOINT CREDIT'S MEMORANDUM IN SUPPORT OF ITS APPLICATION FOR ATTORNEYS' FEES AND COSTS

COMES NOW Plaintiff, GreenPoint Credit, L.L.C., and for its Memorandum in Support of its Application for Attorneys' Fees and Costs states as follows:

### INTRODUCTION

On August 30, 2001, Plaintiff GreenPoint Credit, LLC and Conseco Finance Servicing Corp. simultaneously filed two independent cases in the Circuit Court of St. Louis County, Missouri against Defendant Missouri Department of Revenue.  The GreenPoint case was removed to federal court, and is presently before this court.

Each of the cases served as a catalyst for the issuance of an injunction against the Missouri Department of Revenue and a prohibition against Defendant Missouri Department of Revenue from issuing titles pursuant to the Abandoned Manufactured Home - Title Disposition Act (the "Act"), RSMo §§ 700.525 to 700.541.  Following the issuance of the injunction, the Circuit Court of St. Louis County, Missouri entered a judgment awarding Conseco Finance its share of attorneys' fees

in connection with the successful prosecution of these claims. GreenPoint Credit should also be awarded its costs and attorneys' fees in connection with the prosecution of these claims.

## ARGUMENT

Section 42 U.S.C. §1988 allows for the recovery of attorneys' fees by the "prevailing party' in an action under 42 U.S.C. §1983. A plaintiff "prevails" when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that benefits the plaintiff. Farrar v. Hobby, 506 U.S. 103, 111-112 (1992). A trial court's discretion to deny attorneys' fees to a prevailing plaintiff is narrow. Jenkins v. Carnahan, 127 F.3d 709, 716 (8th Cir. 1997). Prevailing parties should ordinarily recover fees unless special circumstances would make such an award unjust. Id.

The Eighth Circuit Court of Appeals has recognized the 'catalyst' theory of prevailing parties, which provides that a plaintiff can be a prevailing party for purposes of attorneys' fees under 42 U.S.C. §1988 if "his suit is a catalyst for the defendant's voluntary compliance and the defendant's compliance was not gratuitous." St. Louis Fire Fighters Ass'n v. City of St. Louis, 96 F.3d 323, 330-31 (8th Cir. 1996) (quoting Little Rock Sch. Dist. v. Special Sch. Dist. 1, 17 F.3d 260, 262 (8th Cir. 1994)).

Plaintiff GreenPoint Credit, LLC and Conseco Finance Servicing Corp. retained the same law firm to file two independent cases in the Circuit Court of St. Louis County, Missouri against Defendant Missouri Department of Revenue. The clients were each advised, consented and requested that the representation be handled by the law firm of Murphy Wasinger, L.C. Both companies paid their respective shares of the attorneys' fees in connection with the prosecution of the cases. The law firm of Gray, Ritter & Graham assisted with this case after it was removed to federal court.

Both GreenPoint Credit and Conseco Finance argued the actions of the Department of Revenue, and the statutory scheme, were unconstitutional. On February 13, 2002, the Circuit Court of St. Louis County entered judgment in favor of GreenPoint Credit and Conseco Finance on each of the cases.

The Missouri Department of Revenue appealed each of the judgments to the Missouri Supreme Court, and the Missouri Supreme Court reversed and remanded each of the cases on identical grounds. See GreenPoint Credit v. Missouri Department of Revenue, 98 S.W.3d 553 (Mo banc 2003) and Conseco Finance Servicing Corp. V. Missouri Department of Revenue, 98 S.W.3d 540 (Mo banc 2003). Both GreenPoint Credit and Conseco Finance paid respective portions of the attorneys' fees incurred in prosecuting the cases and subsequent appeals.

After the case was remanded back to the trial court, the parties engaged in discovery and also entered into an Agreed Stipulation of Facts. The trial court indicated it would again rule in favor of Plaintiffs, and the parties agreed that only one case would be briefed and appealed to the Missouri Supreme Court, because the issues were identical. The Conseco case was chosen.

On May 15, 2005, the Circuit Court of St. Louis County again entered a judgment in favor of Plaintiff Conseco Finance Servicing Corp. A copy of the judgment is attached to Plaintiff's Application for Attorneys' Fees and Costs as Exhibit 1. The trial court held "Plaintiffs claims for injunctive and declaratory relief under 42 U.S.C. § 1983 are granted", and issued an injunction against Defendant Missouri Department of Revenue. This judgment was appealed to the Missouri Supreme Court, which affirmed the trial court's judgment. Conseco v. Missouri Department of Revenue, 195 SW 3d 410 (Mo. banc 2006).

Following this ruling, Conseco Finance filed an Application for Attorneys' Fees with the Circuit Court of St. Louis County, Missouri. The Missouri Department of Revenue opposed the Application for Attorneys' Fees. The Circuit Court of St. Louis County entered a judgment

awarding the full amount of attorneys' fees and costs requested by Conseco Finance, more specifically the sum of $79,553.06 for attorneys' fees plus costs of $2,598.95 for a total of $82,152.01.  A copy of the judgment is attached to Plaintiffs' Application for Attorneys' Fees and Costs as Exhibit 2.  The Department of Revenue did not appeal this ruling, and the parties then resolved the remaining issues in this case, thereby disposing of the case.

Thus, there has already been a finding and judgment that Plaintiff Conseco is a "prevailing party" for purposes of attorneys' fees under 42 U.S.C. § 1988.  This case and the <u>Conseco Finance</u> case served as a catalyst for the issuance of an injunction, and the Missouri Department of Revenue being enjoined from issuing titles in an unconstitutional fashion.  GreenPoint Credit and Conseco Finance shared the burden and cost of prosecuting these claims.

Conseco Finance has been awarded its share of attorneys' fees in connection with the successful prosecution of these claims. Similarly, GreenPoint Credit should be awarded its costs and attorneys' fees in connection with the prosecution of these claims.  GreenPoint Credit has accrued or paid the sum of  $75,123.00 plus costs of $2,695.20 in the successful prosecution of the claims resulting in an injunction being entered against the Missouri Department of Revenue.

WHEREFORE, Plaintiff GreenPoint Credit, LLC respectfully requests its Application for Attorneys' Fees and Costs be granted, that it be awarded fees of $75,123.00 and costs of $2,695.20 and for such other relief the Court deems fair and reasonable.

-5-

        MURPHY WASINGER, L.C.

By:   /s/ David G. Wasinger
       David G. Wasinger, MoBar #38253
       Michael K. Daming, MoBar # 52864
       David Gusewelle, MoBar # 57459
       Magna Place, Suite 550
       1401 S. Brentwood Blvd.
       St. Louis, Missouri  63144
       (314) 961-0400
       (314) 961-2726 (fax)
       Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

     I hereby certify that on September 5, 2007, I electronically transmitted the attached documents to the Clerk of the Court using the ECF System for filing.  Based on the electronic records currently on file, the clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrant:

    Mark E. Long
    Assistant Attorney General
    P.O. Box 899
    Jefferson City, MO 65102

                                 /s/ David G. Wasinger

L:\GREENTREE.FIL\1GREENPOIN.FIL\Barbour.739\Class Action\ApplicAttorneysFeesMemo.wpd