IN THE U.S. DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREENPOINT CREDIT, L.L.C., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:06-CV-1845 CAS |
| ) | |
| MISSOURI DEPARTMENT OF REVENUE; ) | |
| et. al. ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S APPLICATION FOR FEES**

Defendants, for their Response to Plaintiff's Application for Fees, state:

No fees, at this time, are justified in this case. The Missouri Supreme Court has struck down the statutes at issue in this case. *Conseco Finance Servicing Corp. v. Mo. Dept. of Revenue*, 195 S.W.3d 410 (Mo. banc 2006). But under the facts and applicable law, no fees may be awarded.

It is undisputed that prior to the 2006 *Conseco* decision, there were injunctions in place, preventing the Department of Revenue from issuing abandoned titles involving Greenpoint. It is true that the circuit court entered judgments in favor of Conseco and Greenpoint, but the Missouri Supreme Court reversed and remanded those cases, due to issues of standing and procedure. *Conseco Finance Servicing Corp. v. Mo. Dept. of Revenue*, 98 S.W.3d 540 (Mo. banc 2003); *Greenpoint Credit, L.L.C. v. Mo. Dept. of Revenue*, 98 S.W.3d 553 (Mo. banc 2003). Subsequently, judgment was entered in *Conseco*, which was upheld on appeal. After the 2006

*Conseco* decision, on December 18, 2006, Greenpoint filed an amended petition raising a claim under 42 U.S.C. § 1983, and seeking a class action.

But here, Greenpoint has prevailed on no element of the litigation since the § 1983 claims were raised. The circuit court's decision on attorneys' fees in *Conseco* is not dispositive of this issue. Conseco raised, and was granted, injunctive relief under 42 U.S.C. § 1983. That decision was upheld on appeal. Fees were awarded after case was affirmed on appeal.

## Catalyst theory and a "prevailing party"

Greenpoint cannot recover under the "catalyst" theory. The U.S. Supreme Court has held that the "catalyst theory" of prevailing party status is no longer valid. *Buckhannon Board & Care Home, Inc., v. West Virginia Department of Health and Human Resources*, 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001) The "catalyst theory" was found to be inappropriate for the award of attorney's fees because "[i]t allows an award where there is no judicially sanctioned change in the legal relationship of the parties." *Id*. at 605, 121 S.Ct. 1835. Citing its prior decision in *Hanrahan v. Hampton*, 446 U.S. 754, 758 (1980), the Court also stated that:

> Congress intended to permit the interim award of counsel fees only when a party has prevailed on the merits of at least some of his claims. For only in that event has there been a determination of the "substantial rights of the parties," which Congress determined was a necessary foundation for departing from the

2

>usual rule in this country that each party is to bear the expense of his own attorney.

*Buckhannon*, 532 U.S. at 603.

The Eighth Circuit has recognized the demise of the catalyst theory. *Northern Cheyenne Tribe v. Jackson*, 433 F.3d 1083 (8th Cir. 2006). The *Jackson* court stated that "to be a prevailing party entitled to a statutory attorneys' fee award, a party must obtain a *judicially sanctioned* material alteration of the legal relationship of the parties to the lawsuit. 443 F.3d at 1085 (citing *Buckhannon*, 532 U.S. at 604-05) (emphasis in original). *Jackson* went on to note that "virtually every circuit court" had found that a preliminary injunction granting "temporary relief that merely maintains the status quo does not confer prevailing party status." 433 F.3d at 1086. That is the situation here; as Greenpoint was the beneficiary of a preliminary injunction preventing the issuance of an abandoned title – thereby maintaining the status quo.

Conseco and Greenpoint are simply two different plaintiffs. Conseco lost its lien on a particular home, which was the basis of its suit. Conseco was joined in its suit by the Wrens, the homeowners who lost their title to the home. Conseco and the Wrens claimed actual damages due to the actions of the Department. While Conseco and the Wrens did not recover damages, they obtained a permanent injunction and, as such, they were prevailing parties for §§ 1983 and 1988 purposes.

But Greenpoint's suit, on the other hand, has none of these elements. The Second Amended Complaint is silent as to any particular home where Greenpoint's lien was lost due to

the issuance of an abandoned title.[1]  While Defendants' Motion for Summary Judgment (Exhibit 1, Affidavit of Finida Johnson) identifies three possible abandoned home titles, the lienholder was not Greenpoint; instead, it was an entity to which Greenpoint is now the successor in interest.  It is unclear at this time what financial loss occurred to the lienholder, if any, due to the abandonment of those homes.

Only a prevailing party may be awarded costs under Federal Rule (54)(d), and only a prevailing party may recover attorney's fees under 42 U.S.C. § 1988.  The Supreme Court has held that in order to be a "prevailing party," a plaintiff must have "received a judgment on the merits ..., or obtained a court-ordered consent decree...." *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Services*, 532 U.S. 598, 605 (2001).  A typical method to determine prevailing party status is whether the party "succeeds on any significant issue in litigation." *Texas State Teachers Association v. Garland Independent School District*, 489 U.S. 782, 789 (1989).

Greenpoint was undoubtedly unhappy with the Missouri abandoned title statutes.  But the fact that it raised some of the same arguments in its suit as another litigant does not make it a prevailing party entitled to attorneys' fees.  It simply has not prevailed.

---

[1] The Amended Class action petition, ¶ 29, listed specific homes where Greenpoint alleged it was deprived of property rights, but the Department's Answer stated that no abandoned title was issued for those homes.  The allegations concerning these homes are not currently in the Second Amended Complaint.

The U.S. Supreme Court has stated that "a party may 'prevail' under § 1988 on some elements of the litigation and not others." *Marek v. Chesny*, 473 U.S. 1, 22 (1985). Here, however, Greenpoint has not prevailed to the extent necessary to be entitled to fees.

## Amount of Fees

If the issue of fees does arise, the Department requests that it be permitted to file additional responses as to the reasonableness and amount of the fees.

## CONCLUSION

No fees are justified at this time. Greenpoint is simply not a prevailing party. No relief should be awarded.

Respectfully submitted,

JEREMIAH W. (JAY) NIXON
Attorney General

*/s/ Mark E. Long*

MARK E. LONG
Assistant Attorney General
Missouri Bar No. 45952
mark.long@ago.mo.gov
P. O. Box 899
Jefferson City, MO 65102
(573) 751-8782
Fax: (573) 751-9456

ATTORNEYS FOR THE DEFENDANTS
DEPARTMENT OF REVENUE, VINCENT,
FISCHER, WILSON, and LOHMAN

## CERTIFICATE OF SERVICE

      I hereby certify that a true and accurate copy of the foregoing was mailed, postage prepaid, this 17th day of September, 2007, to:

| | |
|---|---|
| David G. Wasinger | Don M. Downing |
| Murphy Wasinger, L.C. | Gray, Ritter & Graham, P.C. |
| Magna Place, Suite 550 | 701 Market Street, Suite 800 |
| 1401 S. Brentwood Blvd. | St. Louis, MO 63101-1826 |
| St. Louis, MO  63144 | |

                                                  _/s/ Mark E. Long_
                                                  Mark E. Long, Assistant Attorney General